IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Silveria Gonzalez Rodriguez,<br>　　　　Petitioner,<br>v.<br>Pamela Bondi, et al.,<br>　　　　Respondents. | No. CV-25-03917-PHX-JJT (DMF)<br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 and Complaint for Injunctive and Declaratory Relief and a Motion for Temporary Restraining Order and Preliminary Injunction challenging her immigration detention.[1] (Docs. 1-2.) In its October 22, 2025 order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted. The OSC is fully briefed. (Docs. 12-13.) The Petition is granted and Respondents must either release Petitioner from custody or provide a bond hearing within seven days.

**I.    Background**

As detained in the OSC, Petitioner is a citizen of Mexico who entered the United States in 1995. (Doc. 1 ¶ 15, Doc. 1-1 at 22, Ex. D.) She was arrested for speeding on July 25, 2025 and taken into custody by ICE. (Doc. 1-1 at 23.) Petitioner's Notice to Appear reflects she is an alien present in the United States who has not been admitted or paroled. (Doc. 1-1 at 3.) Petitioner requested a custody redetermination hearing on August 18, 2025

---

[1] Petitioner paid the filing fee for a habeas corpus action.

and September 10, 2025. (Doc. 1 ¶¶ 18-19.)  At a hearing on September 16, 2025, the Immigration Judge determined he lacked jurisdiction to grant Petitioner bond because she was subject to mandatory detention based on the Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025).  Under *Matter of Yajure Hurtado*, noncitizens present without admission are now subject to mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are deemed "applicant[s] for admission." (Doc. 1 ¶ 20, Ex. B.)

Petitioner filed the instant Petition challenging Respondents' interpretation of 8 U.S.C. § 1225(b)(2)(A) as violative of her due process rights.  Petitioner requests release from custody or an order directing an Immigration Judge to conduct a bond hearing.  In the OSC, the Court observed that Respondents' own documents reflect Petitioner's detention is governed by § 1226 and not § 1225(b)(2)(A) because Petitioner's Notice to Appear explicitly declined to designate her as an "arriving alien," which is the active language used to define the scope of section 1225(b)(2)(A) in its implementing regulation.  8 C.F.R. § 235.3(c)(1).  (Doc. 5 at 2-3.)

(Doc. 1-1 at 3.)

**II.   Analysis**

In its response, "[t]he government acknowledges and respects [the Court's] conclusion but nonetheless preserves its legal arguments with this brief for purposes of a possible appeal.  It therefore advances the argument here that, notwithstanding this Court's conclusion that § 1226 governs Petitioner's detention, Petitioner is an 'applicant for admission' under 8 U.S.C. § 1225(b)(2), who must therefore be detained without bond pending removal proceedings. The government therefore urges the Court to reconsider its conclusion that § 1226 applies. Should the Court decline to do so, the government agrees to proceed with a bond hearing while reserving its right to appeal." (Doc. 12 at 2.)

In their attempt to persuade the Court to reconsider its stated position, Respondents maintain Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A),

asserting that she is an "applicant[] for admission," "defined as an "alien present in the United States who has not been admitted" or "who arrives in the United States." 8 U.S.C. § 1225(a)(1). It is unclear why Respondents persist in this belief when she was placed in removal proceedings under section 212(a)(6)(A)(i) of the Immigration and Nationality Act as "[a]n alien present in the United States without having been admitted or paroled," and not as "an arriving alien" and applicant for admission under 8 U.S.C. § 1225(b). (Doc. 12 at 9; Doc. 1-1 at 3.)  They do not explain how it is possible, much less appropriate, to recharacterize the basis for her detention after issuing her Notice to Appear.  For this reason alone, Petitioner is entitled to relief.

Respondents further urge this Court not to follow the recent decision in *Echevarria v. Bondi, et al.,* CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. October 3, 2025), which granted a § 2241 petition on the basis that the Petitioner, who had been present in the United States for years, was not an applicant for admission under § 1225(b)(2)(A) or subject to mandatory detention.  Therein, Judge Lanza specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* at *6. Judge Lanza concluded that—in accord with numerous other courts addressing the same issue—"Respondents' narrow focus on the language of § 1225(a)(1) fails to take account of the entirety of the statutory scheme[]" and recent Supreme Court guidance. *Id.* at *9.

The Court concurs with Judge Lanza's decision despite the citations to *Vargas Lopez v. Trump, et al.*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), and *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025).  Indeed, in contrast to *Vargas Lopez* and *Chavez*, dozens of other district courts have concluded individuals like Petitioner are subject to § 1226 and not § 1225 and, therefore, are not subject to mandatory detention.[2]

---

[2] As noted, dozens of other district courts have recently held that immigration petitioners present in the United States without admission are not applicants for admission under § 1225(b)(2)(A) and, therefore, are not subject to mandatory detention. *See, e.g.*, *Gomes v. Hyde*, No. 1:25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *Martinez v. Hyde*, No. 1:25-cv-11613-BEM, --- F. Supp. 3d ----, 2025 WL 2084238 (D. Mass. July 24, 2025); *Lopez Benitez v. Francis*, No. 1:25-cv-05937-DEH, 2025 WL 2371588 (S.D.N.Y.

This Court agrees with the weight of authority in determining Petitioner's detention is subject to § 1226. For these reasons, the Petition is granted, and Petitioner must receive a bond hearing without application of *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025).

Accordingly,

**IT IS THEREFORE ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or otherwise release her from custody under the same conditions that existed before her detention.

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing her a bond hearing.

4. The Clerk of Court shall enter judgment in Petitioner's favor and

---

Aug. 8, 2025); *Rosado v. Figueroa*, No. 2:25-cv-02157-DLR, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted sub nom. Rocha Rosado v. Figueroa*, 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Aguilar Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Arrazola-Gonzalez v. Noem*, No. 5:25-cv-01789-ODW-DFM, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v. Joyce*, No. 1:25-cv-06373-DEH, 2025 WL 2398831 (S.D.N.Y. Aug. 12, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-cv-06248-BLF, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Otero Escalante v. Bondi*, No. 25-cv-3051-ECT-DJF, --- F. Supp. 3d ----, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486-BRM-EAS, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Vasquez Garcia v. Noem*, No. 3:25-cv-02180-DMS-MMP, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Zaragoza Mosqueda v. Noem*, No. 5:25-cv-02304-CAS-BFM, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Jimenez v. Berlin*, --- F. Supp. 3d ---, 2025 WL 2639390, at *10 (D. Mass. Sept. 8, 2025); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546-RJW-APP, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); *Palma Perez v. Berg*, No. 8:25-cv-00494-JFB-RCC, 2025 WL 2531566 (D. Neb. Sept. 3, 2025); *Reynosa Jacinto v. Trump*, No. 4:25-cv-03161-JFB-RCC, 2025 WL 2402271 (D. Neb. Aug. 4, 2025); *Anicasio v. Kramer*, No. 4:25-cv-03158-JFB-RCC, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); *Hernandez Marcelo v. Trump*, No. 3:25-CV-00094-RGE-WPK, 2025 WL 2741230 (S.D. Iowa Sept. 10, 2025); *Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sep. 29, 2025); *Silva v. Larose*, No. 25-cv-2329-JES-KSC, 2025 WL 2770639 (S.D. Cal. Sep. 29, 2025); *Chang Barrios v. Shepley*, No. 1:25-cv-00406-JAW, 2025 WL 2772579 (D. Me. Sep. 29, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Guerrero Orellana v. Moniz*, No. 25-CV-12664-PBS, 2025 WL 2809996 (D. Mass. Oct. 3, 2025).

1  close this case.

2  Dated this 6th day of November, 2025.

                                                Honorable John J. Tuchi
                                                United States District Judge